IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MARKUS A. GREEN | § | |
| VS. | § | CIVIL ACTION NO. 6:22-218 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Markus A. Green, a prisoner of the Coffield Unit of the Texas Department of Criminal Justice (TDCJ) proceeding pro se, filed this habeas action alleging that he has been unconstitutionally confined "pending investigation" for 22 years. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

For reasons explained below, the Court recommends that the petition be dismissed with prejudice as frivolous, and that Petitioner be denied a certificate of appealability *sua sponte*.

**I. The Petition and Relevant Background**

Petitioner alleges that he has been subjected to "22 yrs of custody pending investigation for a sexual assault crime" that did not happen and is based on unconstitutional statutes. (Dkt. #1 at 2.) On the portion of the form petition that asks what Petitioner is challenging, he does not indicate that he is challenging how his sentence is being carried out, confinement on pretrial detention, or the validity of an imposed conviction or sentence. (*Id.*) Instead, Petitioner marked the box for "other" and explained that he challenges "[t]he D.A.'s 22 yr long pending investigation of me as a sex offender . . . because the charges are false and [applicable statutes] unconst[itutional]." (*Id.*) He says the decision he is challenging was dated July 2018, which is when the Travis County

1

District Court denied Petitioner's motion to expunge the record of a criminal case against him—9-01-4202—that had been dismissed after Petitioner's conviction in a separate case. (*Id.*; Dkt. #1-1 at 10–11.) He seeks relief from "[t]he state's continued custody of Green related to cause no. 9014202." (Dkt. #1 at 6.)

Some additional background for this case provides necessary context for Petitioner's claims. Petitioner was arrested in July 2001 for multiple offenses of sexual assault and practicing medicine without a license involving at least two different victims—A.W. and D.B.—on different dates in Travis County, Texas. (Dkt. #1-1 at 2.) He was accused of "committing sexual assaults . . . under the guise of providing medical examination and treatment." (*Id.* at 10.) He went to trial in Travis County and was ultimately convicted and sentenced to 40 years in case number 9014200 involving victim A.W. (*Id.* at 2, 10; Dkt. #1-1 at 12.) That conviction was affirmed by Texas's Third Court of Appeals on May 27, 2004. *Green v. State*, 137 S.W.3d 356, 360 (Tex. App.–Austin 2004).

Petitioner has since filed so many challenges to that conviction in state court that the Texas Court of Criminal Appeals has cited him for abuse of the writ. *Ex parte Green*, No. WR-28,344-37, 2022 WL 1232924, at *1 (Tex. Crim. App. Apr. 27, 2022). He has also filed so many federal habeas challenges to that conviction in the United States District Court for the Western District of Texas that that court has barred him from filing any further such challenges there. *Green v. United States*, No. A-13-CV-983-JRN, 2014 WL 793606, at *6 (W.D. Tex. Feb. 26, 2014). In an apparent effort to avoid that bar, Petitioner has already filed one previous challenge to that conviction in this court, which was transferred to the Western District for proper venue on May 27, 2022. Order of Transfer, *Green v. Director*, No. 6:22cv196 (E.D. Tex. May 27, 2022). The Western District dismissed that case pursuant to its previously imposed bar on June 6, 2022, observing that

Petitioner had initiated action here "[t]o circumvent" its bar. Order of Dismissal, *Green v. Director*, No. A-22-CV-518-RP (W.D. Tex. Jun. 6, 2022).

After Petitioner's conviction for his crime against A.W. in case 9014200, the prosecutor moved to dismiss case 9014202 involving D.B. As reason for the dismissal, the prosecutor listed Petitioner's conviction and 40-year sentence in the other case and "other: pending further investigation." (Dkt. #1-1 at 9.) Accordingly, case 9014200—the case on which Petitioner bases the current petition—was dismissed by the Travis County District Court on August 26, 2002. (*Id.*)

**II. Standard of Review**

The Rules Governing Section 2254 cases require the Court to "promptly examine" any petition for writ of habeas corpus and to dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4. The federal writ of habeas corpus is available only when an inmate in custody on a state conviction establishes "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The role of federal courts in reviewing habeas petitions filed by state prisoners is thus exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). Pro se habeas petitions are construed liberally and "are not held to the same stringent and rigorous standards as are pleadings filed by lawyers." *United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019).

**III. Discussion and Analysis**

State prisoners may seek federal habeas relief pursuant to 28 U.S.C. § 2241 or § 2254. Generally, Section 2241 authorizes challenges to the manner in which a sentence is executed or the legality of prisoner's custody prior to conviction, and Section 2254 is the avenue to collaterally attack an existing state court conviction and sentence. *See*, *e.g.*, *Prieser v. Rodriguez*, 411 U.S. 475 (1973) (recognizing that the specific remedy found in 28 U.S.C. § 2254 is recognized as the exclusive avenue for challenging the legality of a state court conviction); *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004) (distinguishing the jurisdiction conferred under § 2241 and § 2254 for purposes of venue); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (distinguishing mechanisms for post-conviction relief under § 2241 and § 2255).

Courts in Texas have traditionally held that the most appropriate venue for challenges to the legality of a conviction is in the district court for the district within which the court was held which convicted and sentenced the petitioner, while challenges to the implementation of the sentence, such as prison disciplinary matters, should be considered in the district court for the district where such person is in custody. *See*, *e.g.*, *Demouchette v. Dretke*, No. C.A. C-06-48, 2006 WL 2323023, at *1 (S.D. Tex. Aug. 9, 2006); *King v. Lynaugh*, 729 F. Supp. 57 (W.D. Tex. 1990); *accord Johnson v. Cain*, No. CV 15-310, 2015 WL 10438640, at *3 (E.D. La. June 4, 2015), *report and recommendation adopted*, No. CV 15-310, 2016 WL 892610 (E.D. La. Mar. 9, 2016) ("[F]ederal courts have ordinarily held that the most appropriate venue for challenges to the execution or implementation of the sentence is the district court for the district where the petitioner is in custody, and challenges to the legality of the conviction or sentence are better heard in the district court for the district where the state conviction and sentencing occurred.").

Petitioner's claim does not satisfy either Section 2241 or Section 2254. He is a convicted prisoner serving a 40-year sentence that arises from Travis County and has been considered on habeas review by the Western District of Texas, but he expressly does not challenge that conviction or sentence in this case. But he also does not challenge the implementation of that sentence in his place of current confinement, the Coffield Unit of TDCJ. Nor is he a pretrial detainee on any pending charges that would be subject to habeas challenge. Plaintiff's suggestion that the reason for his present confinement is an on-going investigation of some criminal charge is belied by the records that are attached to his petition and other publicly available, reliable public records. As explained above, Petitioner is incarcerated in the TDCJ to serve his 40-year sentence in case 904200, the validity of which has already been litigated. *See* Inmate Information Details available at https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=03897658 (visited Jun. 15, 2022). Case 9014202 against Petitioner was dismissed almost twenty years ago, and even the unlikely possibility that a prosecutor is still investigating the facts underlying that case would have no bearing on Petitioner's current confinement.

Petitioner styles his petition as one for relief under Section 2241, which authorizes the issuance of a writ of habeas corpus where, as pertinent here, a petitioner establishes that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas relief is not available simply upon a claim of unlawful investigation, and Petitioner's allegation of an ongoing investigation is unrelated to his confinement on the 40-year sentence from a separate case. Moreover, Petitioner does not allege that he is being impacted in any way by the allegedly ongoing investigation or identify any constitutional right not to be investigated. To the contrary, it appears to be clearly established that "[t]here is no constitutional right not to be investigated by an authorized agency for suspected violations of the law." *DelFuoco*

*v. Tracy*, No. 19-CV-1245-JD, 2020 WL 5645771, at *3 (D.N.H. Sept. 22, 2020); *see also Hernandez v. Terrones*, 397 F. App'x 954, 966 (5th Cir. 2010) (finding "no freestanding, clearly established constitutional right to be free from a reckless investigation"); *Kauch v. Dep't for Child., Youth & their Fams.*, 321 F.3d 1, 4 (1st Cir. 2003) (holding that "[t]here is no constitutional right to be free from child abuse investigations"); *Popovic v. United States*, 997 F. Supp. 672, 678 (D. Md. 1998), *aff'd*, 175 F.3d 1015 (4th Cir. 1999) ("An individual has no constitutional right not to be investigated for suspected violations by agencies authorized to conduct such authorizations.").

Plaintiff has thus not identified a constitutional or other federal violation affecting the fact or length of his imprisonment, which is fatal to his habeas petition and could not be overcome by amendment. "Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). The Court should therefore deny Petitioner's requested relief and dismiss his petition as frivolous.

## IV. Certificate of Appealability

A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability (COA) from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional

right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, Petitioner is a vexatious litigant who continues to bring claims about criminal charges that were disposed of twenty years ago. He has failed to present a substantial showing of a denial of a constitutional right or establish that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the above-styled petition for a writ of habeas corpus be denied and that the case be dismissed as frivolous, with prejudice. It is

further recommended that Petitioner be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 15th day of June, 2022.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE