# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| MARKUS A. GREEN, #1118715, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Case No. 6:22-cv-218-JDK-JDL |
| § | |
| BOBBY LUMPKIN, DIRECTOR TDCJ, § | |
| § | |
| Respondent. § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Markus A. Green, a Texas Department of Criminal Justice (TDCJ) prisoner proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The case was transferred to this Court for proper venue and was referred to United States Magistrate Judge, John D. Love, for findings of fact, conclusions of law, and recommendations for the disposition of the case. Docket Nos. 1, 3. On June 15, 2022, Judge Love issued a Report recommending that the petition be dismissed and that a certificate of appealability be denied. Docket No. 5. Petitioner filed a timely written objection. Docket No. 6.

This Court reviews the findings and conclusions of the Magistrate Judge de novo if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Petitioner's objection is without merit. He was arrested at the same time for several crimes against multiple women. He does not dispute that he is in TDCJ serving a 40-year sentence for

crimes against one victim. But he claims he is entitled to release because charges pertaining to a second victim—which were dismissed almost 20 years ago—are still designated as "under investigation." Petitioner is a convicted felon serving a lawful sentence seeking relief as if he were a pretrial detainee. But he is not incarcerated in connection with the long-dismissed charges that are the basis of his claim, and he has no constitutional right not to be "under investigation." *See* Docket No. 5 at 5–6 (Report collecting cases establishing no right to be free from investigation). Because Petitioner is not "in custody" on the basis of the allegedly unconstitutional ongoing investigation, he is not entitled to the relief he seeks. 28 U.S.C. § 2241(c)(4) (authorizing habeas relief to one who is "in custody in violation of the Constitution or laws or treaties of the United States").

Petitioner suggests that the Magistrate Judge erroneously treated his petition as one brought under 28 U.S.C. § 2254 rather than Section 2241, and that this mistake somehow affects the outcome of his case. Docket No. 6 at 1, 3–5. Petitioner is incorrect. The Magistrate Judge's Report acknowledges that Petitioner asserted a right to relief under Section 2241 but correctly found that Petitioner does not satisfy the elements of either Section 2241 or Section 2254. Docket No. 5 at 5. To the extent Petitioner takes issue with the application of Rule 4 of the Rules Governing Section 2254 Cases to screen and dismiss his petition, it is clear that "[w]hen screening a § 2241 petition, a district court may apply any or all of the rules governing habeas petitions under 28 U.S.C. § 2254 to those filed under § 2241." *Garcia Ramirez v. Cox*, No. 2:22-CV-00047, 2022 WL 2110699, at *4 (S.D. Tex. May 5, 2022), *report and recommendation adopted*, No. 2:22-CV-00047, 2022 WL 2106468 (S.D. Tex. June 10, 2022); *see also* Rule 1(b), Rules Governing Section 2254 Cases (providing that a "district court may apply any or all of these rules to a habeas corpus petition" filed under another statute). And Habeas Rule 4 gives the court the power "to examine and dismiss

frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.'" *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes).

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 6) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 5) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice as frivolous.

To the extent a certificate of appealability (COA) is required to appeal from this ruling, the Court **DENIES** a certificate of appealability. *Compare Herrera v. Smith*, 776 F. App'x 238 (5th Cir. 2019) ("A threshold question is whether a state prisoner is required to obtain a certificate of appealability (COA) before appealing the dismissal of a habeas petition purportedly brought under § 2241. In this case, Herrera is required to obtain a COA because he is challenging a 'final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court.'"), *with Barnard v. Kansas Dep't of Corr., Dir.*, 154 F.3d 416 (5th Cir. 1998) (reviewing appeal from Texas state prisoner who challenged the legality of a Kansas detainer on parole-violator's warrant and finding that "[b]ecause Barnard is not detained pursuant to a 'process issued by a State court,' a COA is not required").

So **ORDERED** and **SIGNED** this **5th**    day of  **July, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE